**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**TRIBUNAL DE PRIMERA INSTANCIA**
**SALA SUPERIOR DE CAROLINA**

| | |
|---|---|
| **INFOKEEPER OF PUERTO RICO, INC.,** h/n/c **DATA STORAGE CENTER**<br>DEMANDANTE<br><br>VS<br><br>**THE SAN JORGE HOSPITAL, INC.; COMPAÑÍAS MATRICES O SUBSIDIARIAS** de la demandada The San Jorge Hospital, Inc., por ahora personas jurídicas desconocidas que pudieran ser responsables a la parte demandante; **ASEGURADORA A,** por ahora persona jurídica desconocida que pudiera ser responsable a la parte demandante; **JOHN DOE y JANE DOE**<br>DEMANDADOS | **CIVIL NÚM.:** _____<br><br>**SALA:**           _____<br><br>**SOBRE:**<br>ENRIQUECIMIENTO INJUSTO AL AMPARO DEL ARTÍCULO 1461 (31 LPRA § 10521 y SS) DEL CÓDIGO CIVIL DE PR, COBRO DE DINERO Y DAÑOS Y PERJUCIOS |

## DEMANDA

**AL HONORABLE TRIBUNAL:**

**COMPARECE** la parte demandante de epígrafe, *Infokeeper of Puerto Rico Inc., h/n/c Data Storage Centers*, a través de la representación legal que suscribe, y muy respetuosamente, ante este Honorable Tribunal **EXPONE**, **ALEGA Y SOLICITA**:

**I.    PARTES:**

1. La parte demandante, **Infokeeper of Puerto Rico, Inc.**, haciendo negocios como *Data Storage Center* (en adelante "DSC"), es una corporación con fines de lucro, debidamente registrada en el Departamento de Estado con dirección física y postal: Puerto Rico Industrial Park, Calle Fabril 380, Carolina, Puerto Rico 00987 y teléfono: (787) 788-6270.

2. La parte demandada, **The San Jorge Hospital, Inc.,** (en adelante "el Hospital" o "TSJH"), es una corporación con fines de lucro, debidamente registrada en el Departamento de Estado, con capacidad jurídica para demandar y ser demandada. Su dirección física y postal conocida, para los fines legales pertinentes es 3100 Carr. #199, Ste. 202 en San Juan, PR 00926; la dirección física del Hospital es 258 Calle San Jorge, San Juan, PR 00912 y su número telefónico es 787-727-1000.

3. Las **Compañías Matrices o Subsidiarias**, por ahora personas desconocidas que pudieran ser responsables a la parte demandante, son todas aquellas personas jurídicas, incluyendo, pero no limitando a, que tengan o puedan tener responsabilidad por los hechos relacionados en esta demanda. Al presente se desconocen sus nombres. Tan pronto sean conocidos, serán presentados mediante demanda enmendada.

4. La **Compañía Aseguradora A**, que ha expedido póliza de seguro a favor de los demandados y cubre las reclamaciones y sus consecuentes daños según serán descritos en la presente demanda. Una vez se advenga en conocimiento de la existencia de alguna compañía de seguro que fuere responsable por los daños alegados en la presente demanda, se hará la correspondiente enmienda a la presente reclamación para incluir su nombre correcto en el epígrafe. Al presente, se desconoce si existe póliza de seguro a favor de los co-demandados que respondan por las reclamaciones aquí descritas.

5. Los co-demandados **John Doe y Jane Doe**, por ahora personas naturales desconocidas que pudieran ser responsables por los daños reclamados en la presente demanda. Una vez se advenga en conocimiento de sus nombres, se hará la correspondiente enmienda a la demanda de referencia a fin de incluir sus nombres correctos en el epígrafe.

## II. JURISDICCIÓN Y COMPETENCIA

6. Esta reclamación se presenta ante la competencia del Honorable Tribunal de Primera Instancia, Sala Superior de Carolina, toda vez, por un lado, que el resultado de este podría afectar bienes muebles sitos en el Municipio de Carolina, Puerto Rico.

7. A tenor con la Regla 3.3 de las de Procedimiento Civil, en lo aquí pertinente, el pleito deberá presentarse en la sala correspondiente a aquella que se encuentra el bien mueble o inmueble en litigio.

8. La demandante está reclamando cobro de dinero, y daños y perjuicios por las razones que más adelante se exponen.

## III. HECHOS ESENCIALES Y NO CONTROVERTIBLES:

### A. Alegaciones de la parte demandante:

9. La parte demandante, DSC, tiene la custodia de los expedientes médicos pertenecientes al ya disuelto "San Jorge Children´s Hospital", en adelante "SJCH".

10. Así las cosas, el SJCH presentó una Petición ante la Corte de Quiebras en Puerto Rico, caso número 22-02630.

11. La Corte de Quiebras emitió decisión el 26 de abril de 2024 aprobando el Asset Purchase Agreement (APA, por sus siglas) a favor de: The San Jorge Hospital, Inc.; (en adelante "TSJH") quien adquiere los activos del SJCH.

12. A partir del 26 de abril de 2024, TSJH tiene almacenados todos los expedientes que adquirieron mediante el APA, en las facilidades de DSC; beneficiándose del servicio de almacenamiento sin haber emitido

      pago alguno por el uso del espacio y el servicio prestado por DSC en su carácter de depositario.

13. Al presente TSJH ha utilizado los servicios de almacenamiento desde el 26 de abril del 2024 al mes en curso: febrero de 2025.

14. La parte demandante comienza a efectuar gestiones de cobro por vía extrajudicial; siendo todas estas totalmente infructuosas.

15. Además, TSJH aceptó efectuar el pago de los meses en atraso y luego de negó a cumplir con lo acordado. Véase **Anejo I.**

16. TSJH no ha realizado pagos en concepto de saldo de las facturas pendientes y ya vencidas.

17. Al presente, la parte demandada TSJH, adeuda hoy a DSC la cantidad de: **$51,202.45**[1] por concepto de renta y almacenaje, la cual está vencida y es líquida y exigible.

18. Además, la demandada adeuda la cantidad de **$275,264.61**[2] por concepto de retiro físico y permanente, manejo de expedientes y transportación y la cuantía de **$2,560.12**[3] por concepto de cargos por mora.

19. Por lo tanto, el Hospital, adeuda un total de **$329,017.18**, a la aquí demandante.

20. La parte demandada continúa ocupando el espacio de almacenamiento, además de utilizar los servicios de manejo de expedientes.

## IV. CAUSA DE ACCIÓN:

21. La doctrina del enriquecimiento Injusto surge del principio de equidad. ***E.L.A. v. Soto Santiago, 131 DPR 304, 317-18 (1992).***

22. Para poderse configurar la doctrina del enriquecimiento injusto tenían que cumplirse los siguientes requisitos: (1) la existencia de un enriquecimiento; (2) un empobrecimiento correlativo; (3) la conexión entre el empobrecimiento y el enriquecimiento; (4) la falta de causa que justifique el enriquecimiento; y (5) la inexistencia de un precepto legal que excluya la aplicación del enriquecimiento sin causa. ***Véase Garriga, Hijo, Inc. v. Cond. Marbella, 143 DPR 927 (1997).***

23. La parte demandada, ha incumplido con los acuerdos de los cargos por servicios de almacenamiento y manejo de expedientes ofrecido por DSC como depositario de los documentos pertenecientes al ya disuelto SJCH.

24. Cónsono con lo anterior el Artículo 1461 de nuestro Código Civil dispone las:

> "Obligaciones del depositario. (31 L.P.R.A. § 10521) El depositario está obligado a: (a) guardar el bien con la diligencia que exija la naturaleza del bien o la que corresponda a su profesión y tomar los cuidados especiales convenidos con el depositante; (b) no usar el bien

---

[1,2,3] Esta cantidad continúa aumentando y/o podría variar a raíz de pagos que fueran efectuados; por lo que, esa cantidad se estaría enmendado, según corresponda.

Page **3** of 5

que guarda; (c) restituir el bien, con sus frutos, cuando le sea requerido; (d) restituir el bien en el lugar donde está depositado; (e) guardar discreción sobre el contenido del depósito; y (f) avisar inmediatamente al depositante cuando la guarda requiere gastos extraordinarios y pagar aquellos que no admiten demora."

25. Por otro lado, el Artículo 1462 establece las:

" Obligaciones del depositante. (31 L.P.R.A. § 10522) El depositante está obligado a: (a) pagar, cuando el depósito es oneroso, el precio del depósito; (b) pagar, cuando el depósito es gratuito, los gastos en los que el depositario haya incurrido razonablemente para guardar y restituir el bien; (c) pagar, cuando la guarda lo requiera, los gastos extraordinarios que haya consentido, o aquellos en los que por no admitir demora, haya incurrido el depositario; y (d) recibir el bien, si el depósito es gratuito, en el momento cuando lo requiera el depositario."

26. Claramente existe un remedio en ley para resolver la controversia entre las partes, y satisfacer la deuda aquí reclamada sin tener que recurrir a recursos extraordinarios que no son de aplicación conforme a derecho como, por ejemplo: un Injution.

27. La controversia ante la consideración de este Honorable Foro está amparada bajo el precepto de la doctrina establecida por el enriquecimiento injusto y lo estatuido nuestro Código Civil en el artículo 1454 (*supra*) y subsiguientes.

28. Debido al incumplimiento y enriquecimiento injusto de la parte demandada, la demandante ha sufrido pérdidas financieras en su negocio y continúa teniendo; por lo que, ha sufrido daños económicos sustanciales que afectan el buen funcionamiento de la empresa.

29. La demandada, adeuda la cantidad total de: **$329,017.18** [4] por concepto de renta por depósito de documentos, manejo de expedientes, retiro físico y permanente y cargos por mora; esta cantidad continúa ascendiendo por los cargos mensuales y cargos por demora al 0.25% mensual.

30. La demandada continúa ocupando el espacio de almacenamiento, además de utilizar los servicios del manejo de expedientes; por lo que, las cantidades antes mencionadas continúan aumentando conforme a los acuerdos por los cargos mensuales y cargos por demora.

31. La parte aquí demandante no renuncia a su derecho de enmendar la demanda e incluir defensas afirmativas o alegaciones adicionales luego de comenzar el descubrimiento de prueba.

## V. DAÑOS:

32. Debido al incumpliendo de los aquí co-demandados, la parte demandante ha sufrido daños y pérdidas económicas que

---

[4] Esta cantidad continúa aumentando y/o podría variar a raíz de pagos que fueran efectuados; por lo que, esa cantidad se estaría enmendado, según corresponda.

Page **4** of 5

       razonablemente se estiman en la cantidad no menor de veinte mil dólares (**$20,000.00**) a raíz de la ocupación del espacio de almacenamiento y servicios prestados por DSC; dicha cantidad continúa aumentando por concepto del espacio ocupado de almacenamiento mensualmente y dejado de rentar.

33. La parte demandante ha tenido que incurrir en costas y honorarios de abogado, y que, conforme a lo estipulado en el contrato suscrito por las partes; será la demandante debidamente indemnizada y que al presente dicha cantidad asciende a un total de **$10,000.00** y que continúa aumentando según el curso procesal de la presente reclamación.

## SÚPLICA

**EN MERITO DE LO ANTES EXPUESTO,** se solicita, muy respetuosamente del Honorable Tribunal que, tome conocimiento de lo anterior, declare **HA LUGAR** la Demanda y en su consecuencia:

a) condene a los co-demandados al pago todas las cantidades adeudadas por concepto de los servicios ofrecidos por DSC; que al día de hoy totalizan **$329,017.18,** además de las cantidades que continúan ascendiendo por el uso de las facilidades y manejo de los expedientes, los cargos por demora, al 0.25% mensual, los cargos por la remoción de los expedientes y cualquier otra cantidad que al momento de la remoción de los expedientes conlleve dicho trámite como estipulado en el contrato;

b) condene a los co-demandados al pago de una cantidad no menor de **$20,000.00** por concepto de los daños reclamados por la parte demandante; los cuales continúan en aumento conforme al almacenamiento mensual; y,

c) se le conceda al demandante una compensación por todas las costas y gastos de litigio, no menor de **$10,000.00**; con cualquier otro pronunciamiento que en derecho proceda.

**RESPETUOSAMENTE SOMETIDA:**

En San Juan, Puerto Rico a 21 de febrero de 2025.

**JUAN M. CASANOVA RIVERA**
PO BOX 362146
SAN JUAN, PR 00936-2146
Tel: (787)864-0320
Email: abogado5150@gmail.com

*f/ Juan M. Casanova*
**Lcdo. Juan M. Casanova**
RUA Núm.: 13263